UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARIO MONTANEZ, SR., )<br> )<br>          Petitioner, )<br> )<br>     v. )<br> )<br>JOHN R. VANNATTA, )<br> )<br>          Respondent. ) | CAUSE NO. 3:06-CV-281-TLS |

**OPINION AND ORDER**

Petitioner Mario Montanez submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. In 1993, the petitioner was sentenced to a term of 32 years for murder. He asserts that Indiana Department of Correction ("IDOC") officials improperly removed 120 days of earned credit time from his record. The respondent asserts that the petitioner failed to exhaust his state court remedies and, in the alternative, argues that the petitioner is not entitled to relief on the merits. The petitioner has not filed a traverse.

The parties' submissions establish that the petitioner was awarded credit time for the successful completion of several prison programs. On November 4, 2005, IDOC officials reviewed the petitioner's credit time records and determined that some of the credit time he had been awarded is not allowed under the statute governing extra credit time. IDOC officials disallowed 120 days which the petitioner had been awarded for completion of substance abuse programs.

Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Failure to exhaust available state court remedies constitutes a procedural default. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before seeking federal review of these claims. *O'Sullivan v. Boerckel*, 526 U.S. 383, 844 (1999).

Indiana courts allow prisoners to challenge prison officials' decisions to disallow educational credit time. *See Miller v. Walker,* 655 N.E.2d 47 (Ind. 1995); *Diaz v. State*, 753 N.E.2nd 724 (Ind. Ct. App. 2001); *Wilson v. State*, 799 N.E.2d. 51 (Ind. Ct. App. 2003). The parties' submissions establish that the petitioner has not presented his claim regarding the loss of 120 days that he had been awarded for completion of substance abuse programs to the Indiana courts. Accordingly, he has not exhausted his state court remedies on the issues he seeks to present in this petition, and the Court will dismiss this petition without prejudice to the petitioner's right to refile these claims after he has exhausted his administrative remedies.

For the foregoing reasons, the Court **DENIES** this petition without prejudice pursuant to 28 U.S.C. § 2254(b)(1)(A).

SO ORDERED on September 29, 2006.

> s/ Theresa L. Springmann
> THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT
> FORT WAYNE DIVISION